■ EVELYN MANCINO, Respondent, v. CITY OF NEW YORK, Appellant.— In an action to recover damages for personal injuries, the appeal is from an order which dismissed the complaint for lack of prosecution, on appellant's motion, unless respondent noticed the case for trial for the November, 1954, term. Order modified by striking from the ordering paragraph everything following the word " accordingly ". As thus modified, order affirmed, without costs. Respondent has failed to offer any reasonable explanation or excuse for failure to have brought the action to trial for over three years after joinder of issue and has failed to present any showing of merits. The motion should have been unconditionally granted. (*Lange* v. *Bagish,* 285 App. Div. 833; *Messing* v. *City of New York,* 285 App. Div. 977; *Mazor* v. *Oceana Realty Corp.,* 286 App. Div. 1021.) Beldock, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.

■ MILTON MANDEL, as Administrator of the Estate of BURTON MANDEL, Deceased, Plaintiff, v. CHRISTINA CRIARES, Defendant and Third-Party Plaintiff-Respondent. BROOKLYN UNION GAS COMPANY, Third-Party Defendant-Appellant.— In an action to recover damages for the wrongful death of plaintiff's intestate, who is alleged to have been asphyxiated by poisonous gases escaping from a defective refrigerator in plaintiff's apartment in a multiple dwelling, respondent, the owner of said dwelling, served a third-party complaint against the Brooklyn Union Gas Company alleging negligence on its part, in having made faulty, defective and negligent repairs to the refrigerator, and breach of warranty. The appeal is from an order denying the motion of the gas company to dismiss the third-party complaint. Order reversed, with $10 costs and disbursements, and motion granted, with leave to serve an amended third-party complaint within twenty days after the entry of the order hereon, if so advised. Respondent is an active tort-feasor pursuant to section 78 of the Multiple Dwelling Law and her third-party complaint alleges no facts to establish the primary liability of the gas company but only the conclusory statement that any recovery by the plaintiff must be based upon its negligence. As alleged in the third-party complaint, the gas company would be a tort-feasor *in pari delicto.* Similarly, the allegations in the third-party complaint, insofar as they purport to plead an agreement by the gas company to make repairs and the breach of such agreement, are purely conclusory. In order to impose liability upon the gas company on any basis, whether in tort or contract, all the essential facts which give rise to such liability must be set forth. Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ., concur.

■ MARYLYN E. B. PAVLO, Respondent, v. E. LIONEL PAVLO, Appellant.— In an action for separation, the appeal is from an order entered at a Trial Term, upon a renewed motion, granting temporary alimony of $150 a week commencing November 21, 1955, and $1,500 on account of counsel fees, with the reservation of jurisdiction to the trial court to supplement such fees if the situation should justify it. Order affirmed, with $10 costs and disbursements. No opinion. Beldock, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.